940 F.2d 665
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Raymond DICK, Plaintiff/Appellant,
v.
Captain Jack SAWYER, Major Christopher and Zeno Vallejo, et
al., Defendants/Appellees.
 No. 90-3317.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 25, 1991.*
Decided July 31, 1991.
Rehearing Denied Sept. 11, 1991.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judge.
 
 ORDER
 
 1
 While incarcerated at the East Moline Correctional Center the plaintiff, Raymond Dick, was placed on investigative status and assigned to a segregation unit. Mr. Dick filed this suit under 42 U.S.C. Sec. 1983 alleging that the defendants had violated his constitutional due process rights by failing to afford him a hearing before placing him on investigative status. The district court granted the defendants' motion for summary judgment and dismissed the case. Mr. Dick then brought this appeal.
 
 
 2
 * On June 10, 1988, Mr. Dick was placed in segregation pursuant to Illinois Department of Corrections Rule 504.40 because he was suspected of having participated in illegal activities in the prison library. Mr. Dick received a ticket at 1:35 p.m. on June 10, 1988 informing him that an investigation was in progress and that he was being confined to investigative status. (R.37 Affidavit of Jack Sawyer). On June 11, 1988, Mr. Dick was interviewed pursuant to Illinois Department of Corrections Rule 504.50 and it was determined that Mr. Dick should remain on investigative status. (R.37 Affidavit of Gary Slutz).
 
 
 3
 After the investigation was completed, no charges were filed. Mr. Dick was removed from investigative status and released from segregation on June 17, 1988 and the incident was expunged from his record. In his response to the Defendants' motion for summary judgment, Mr. Dick did not provide affidavits or other factual information refuting the information included with the Defendants' motion.
 
 II
 
 4
 Our review of a district court's grant of summary judgment is de novo. Edwards v. Massachusetts Mutual Life Insur. Co., No. 89-3772, slip op. at 4 (7th Cir., June 25, 1991). Only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law should the motion be granted. Fed.R.Civ.P. 56(c). Furthermore, the non-moving party must show by specific facts that a genuine issue of material fact exists and may not rest on mere allegations. County of Vernon v. United States, No. 90-3184, slip op. at 3 (7th Cir. May 24, 1991).
 
 
 5
 To state a constitutional due process right under state law, a plaintiff must show that she has a protectable liberty interest. The due process clause of the fourteenth amendment does not create an interest in remaining in the general prison population, Hewitt v. Helms, 459 U.S. 460, 467 (1983). In order to prove that a state has created such an interest, the state law must, in unmistakably mandatory terms, require that certain substantive predicates occur prior to the challenged action. Kentucky Dept. of Corrections v. Thompson, 109 S.Ct. 1904, 1909 (1989).
 
 
 6
 This court has recently concluded that Rule 504.40 does not speak in sufficiently mandatory terms to create a protectable liberty interest. Woods v. Thieret, 903 F.2d 1080, 1083 (7th Cir.1990). The court concluded that Rule 504.40 does not mandate any particular outcome and instead simply provides specific criteria to consider when determining whether a prisoner should be placed in temporary confinement. Id. Thus, the court concluded that the rule lacked the specific predicates necessary to establish a liberty interest.
 
 
 7
 Furthermore, in a later case and without discussing Woods, this court concluded that a postdeprivation hearing is sufficient to satisfy constitutional due process standards when a prisoner is confined to administrative segregation. Gilbert v. Frazier, No. 89-1180, slip op. at 3 (7th Cir. May 16, 1991). We note that while Mr. Dick did not have a full hearing, he was notified of his status and was interviewed by prison officials following his change in status.
 
 
 8
 Mr. Dick did not offer any evidence challenging the defendants' assertions that he was placed on investigative status pursuant to Rule 504.40. Furthermore, he offered no proof that he was not interviewed on June 11, the day following his placement on investigative status. Thus, he has failed to establish that he has a protectable liberty interest in avoiding investigatory status without a hearing. The district court correctly granted summary judgment to the defendants and we AFFIRM.[1]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Mr. Dick also contends that the district court erred in granting summary judgment to the defendants on res judicata grounds because the court had previously denied the defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6). However, Mr. Dick fails to recognize that the standards of proof differ under Rule 12(b)(6) and Rule 56(c). Neitzke v. Williams, 109 S.Ct. 1827, 1832 (1989). Mr. Dick's claim is therefore without merit
 Finally, Mr. Dick asserts, without any supporting factual documentation, that a trial on the merits would have shown that the plaintiff was indeed denied his constitutional rights and that therefore the defendants' counsel knowingly submitted false statements in their pleadings when they denied the existence of a constitutional violation and motioned the district court to impose sanctions under Rule 11. Any such sanctions were unwarranted in this case.